UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCUS LAMAR GOGGINS,

    Petitioner,

v.                                  CASE NO. 1:18cv104-MCR-MJF

SECRETARY DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

On March 18, 2022, the Magistrate Judge issued a Second Report and Recommendation after remand from the Eleventh Circuit, recommending the denial of Petitioner's habeas petition. ECF No. 58. The parties were furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). *See* ECF No. 63 (Objection). The Court has made a *de novo* determination of all timely filed objections. *See* ECF No. 63.

The facts and procedural history of the case are adequately set out in the Second Report and Recommendation and will be repeated here briefly and only for

context. Goggins pled guilty in state court, with the assistance of counsel, to probation violations[1] and pled *nolo contendere* to charges of identity fraud.[2] After exhausting his state court remedies, Goggins filed a federal habeas petition, *see* 28 U.S.C. § 2254, on grounds that his plea was involuntary and coerced by conduct of the prosecutor (Claim 1) and that counsel was ineffective for failing to pursue a motion to suppress and an entrapment defense (Claims 2 and 3). The Court previously denied the petition, finding that Goggins's challenge to his plea in Claim 1 lacked merit and that the existence of a valid plea foreclosed federal habeas review of the remaining ineffective assistance claims (Claims 2 and 3). The Eleventh Circuit granted a certificate of appealability as to Claims 2 and 3, and reversed and

---

[1] At his plea hearing, Goggins admitted to the charges in the probation violation affidavit, which included the failure to comply with instructions to obtain permission from his probation officer to leave his residence or to deviate from his approved schedule, the failure to refrain from committing further law violations, and the failure to remain confined to his residence or work on October 15, 2014, "as evidenced by the Arrest Report obtained on October 16, 2014." ECF No. 20–3 at 16–17 (plea transcript), 248 (probation violation affidavit).

[2] The Arrest Report for the incident on October 15, 2014, indicates that police had suspected Goggins of participating in a recent theft of electronic devices after identifying him selling similar items online and discovering that he was on active felony probation, with a special condition requiring confinement to his residence and a criminal history including crimes of theft and fraud. An undercover officer contacted Goggins to purchase an iPad, and Goggins agreed to meet at the Gainesville Health & Fitness parking lot for the transaction. ECF No. 20–3 at 244. The police report states Goggins appeared to be already in a hand-to-hand transaction at his vehicle when they arrived. Although the police determined that the iPad in his vehicle was not stolen, they detained him while they reached his probation officer, who confirmed he had not been told of Goggins's location. The officers also reportedly observed marijuana seeds and shake on the vehicle floorboard. In searching Goggins's person and vehicle, officers discovered evidence of identity theft. *See Second Report and Recommendation*, ECF No. 58 at 3–5.

remanded for a merits determination, concluding that settled precedent dictates that the "[i]neffective assistance of counsel claims are not waived by entering a plea." *Goggins v. Sec. Dep't of Corrs.*, No. 20-11033, 2022 WL 433219, at *3 (11th Cir. Feb. 14, 2022) (quoting *Arvelo v. Sec. Fla. Dep't Corrs.*, 788 F.3d 1345, 1149 (11th Cir. 2015)); *see also Hill v. Lockhart,* 474 U.S. 52, 56–57 (1985).   On remand, the Magistrate Judge determined no evidentiary hearing was necessary and entered a Second Report and Recommendation, addressing the claims on their merits. Goggins objects, arguing that the Magistrate Judge erroneously resolved disputed facts without holding an evidentiary hearing and erred in rejecting his ineffective assistance of counsel claims.

In a habeas corpus proceeding under 28 U.S.C. § 2254, relief cannot be granted on a claim adjudicated on its merits by the state court unless the decision was contrary to or an unreasonable application of clearly established federal law or the decision was based on an unreasonable determination of the facts in light of the state court record.   28 U.S.C. § 2254(d). The petitioner bears the burden to establish the need for an evidentiary hearing.  *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011).   The Court must consider whether a hearing could enable a petitioner "to prove the petition's factual allegations, which if true," would be grounds for relief.   *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).   However,

"if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*  To establish a claim of ineffective assistance of counsel, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness and that the petitioner suffered prejudice because of the deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 684 (1984).   In the context of a guilty plea, prejudice is shown if "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.

The Court finds it appropriate to consider only Claims 2 and 3 (ineffective assistance of counsel based on the failure to file a motion to suppress and failure to pursue an entrapment defense), because Claim 1 was previously rejected by this Court, and no certificate of appealability was issued on this claim.  The Court therefore rejects as moot the Second Report and Recommendation and the objections insofar as they are based on Claim 1.

Regarding Claim 2, the state court found no ineffective assistance of counsel in counsel's failure to file a motion to suppress because the Fourth Amendment claim would not have been successful and thus Goggins could not establish *Strickland* prejudice.   The state court determined that the search was based on two

lawful grounds: (1) Goggins violated his probation by being at a location not authorized by his probation officer, and (2) the officers saw cannabis shake in plain view on the floorboard of the vehicle.  The probation violation affidavit provided the factual basis for Goggins's plea and it incorporated the arrest report, *see supra* Note 1.  This record shows that leading up to the search and seizure, police had targeted Goggins in an ongoing investigation due to his activity of selling iPads on Craigslist, similar to electronic devices that had been recently stolen in a burglary; the officers learned he was on felony probation with a special condition that he remain at his residence; and the officers discovered his criminal history of theft and fraud.  The meeting with Goggins in the parking lot was prearranged with an undercover officer who posed as a prospective iPad purchaser.  The officers also reported that before approaching Goggins in the parking lot, they observed him engaged in a "hand-to-hand transaction through his driver's window with another person who then drove off."  ECF No. 20–3 at 244.  The record reflects that when the officers initially seized Goggins at the prearranged location, they determined the iPad was not stolen but detained Goggins on a probation violation, which they confirmed with the probation officer while on the scene, and they searched his person incident to arrest and searched his vehicle prior to tow (the arrest report states cannabis seed and shake were observed on the floorboard and that the vehicle was

not properly parked, requiring a tow inventory).

Goggins argues that he could show prejudice if given an evidentiary hearing. According to Goggins, when he pulled into the parking lot, he was immediately ordered to exit his vehicle without probable cause; he asserts that he could prove his conditions of confinement allowed him to perform work-related travel; and he contends that the police did not know he did not have permission to be in this location until they contacted his probation officer 55 minutes after his initial seizure, which he contends unreasonably prolonged the detention beyond its permissible scope. Goggins also asserts he did not engage in a prior transaction as reported by the officers; instead, he had merely greeted a prior customer at his car window. Goggins further argues that the officers could not have seen cannabis seed and shake on the floor until after his initial seizure, so it could not have justified his seizure.

To determine probable cause, the Court examines the events leading up to the arrest and views those facts "from the standpoint of an objectively reasonable police officer." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Maryland v. Pringle*, 540 U.S. 366 (2003)). Also, probable cause only requires "a substantial chance of criminal activity," it "is not a high bar." *Id.* (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). The Court finds no need for an evidentiary hearing because even accepting Goggins's factual assertions that the

Page 7 of 11

police were mistaken as to the details identified above, the facts leading up to the arrest leave no question that the police had an objective basis for the initial encounter—that is, their suspicions regarding possible stolen iPad sales by someone who was on felony probation with a home/work restriction, which ripened into an arrest after they contacted Goggins's probation officer to confirm whether he had permission to be in this location at this time. Although Goggins contends it took 55 minutes to confirm the probation violation, this did not unreasonably prolong the stop beyond its scope because the officers were aware of Goggins's probation status and restriction before the encounter and thus acted reasonably and lawfully in inquiring about it.[3] The officers also reported seeing marijuana seed and shake on the floorboard in plain sight as they approached the vehicle, which Goggins disputes factually. But even accepting Goggins's statement that there was no cannabis shake

---

[3] Goggins relies on one statement in the transcript of his plea hearing where the prosecutor characterized this as a "traffic stop" when summarizing the factual basis for the identity fraud charges. From this, Goggins contends that the reason for the "traffic stop" was resolved when it was determined the iPad was not stolen and consequently, the wait to obtain confirmation from the probation officer was unreasonable. It is clear from the same transcript, however, that the factual basis for the probation violations was established by the probation violation affidavit, which in turn referenced the arrest report, from which the events leading up to this encounter are set out, demonstrating that this was not an ordinary traffic stop for a traffic violation. *See* ECF No. 20–2 at 76–77. The officers were aware of Goggins's probation restriction when they approached him and were allowed to prolong the encounter to resolve that matter. *See Illinois v. Caballes*, 543 U.S. 405, 407 (2005) (stating a seizure that is justified "can become unlawful if it is prolonged beyond the time reasonably required to complete that mission").

in the vehicle, this would not impact the analysis because it is clear that the detention was prolonged to confirm a suspected probation violation, which was the basis for his arrest. On *de novo* review of the Report and Recommendation and the record, the Court agrees that Goggins cannot establish prejudice for purposes of *Strickland* because neither the initial stop nor the search of his person incident to arrest or the search of his car during a tow inventory provided Fourth Amendment grounds to suppress.[4] The state court did not unreasonably determine the facts in light of the record, and its decision is not an unreasonable application of clearly established federal law.

Regarding Claim 3, the state court determined that there was no possible entrapment defense, and thus no error by counsel in failing to raise it. Officers set up a meeting to purchase a potentially stolen iPad, but Goggins was not convicted of selling a stolen iPad; the officers observed him already in the parking lot meeting

---

[4] Goggins also objects on grounds that the arrest report states the officers conducted a tow inventory of his vehicle, and he contends this provided grounds to suppress because the officers looked into envelopes found in the vehicle, and the record does not include any standardized procedures that would authorize them to look at the contents of the open mail envelopes (which contained evidence of identity theft). Evidence of identity theft had also been found in the search of Goggins's person, so even suppressing the contents of the envelopes would not have suppressed all incriminating evidence of identity theft. In any event, Goggins did not raise this argument in the petition or in his response to the Magistrate Judge's show cause order, and the Court is not obligated to consider it in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

someone prior to their contact with him; and Goggins did not have his probation officer's permission to be in that location at that time. The state court reasoned that officers did not entrap Goggins into selling items to others or entice him to come to this location without notifying his probation officer. ECF No. 20–1 at 349. The Magistrate Judge agreed that under any of the theories advanced, the entrapment defense would not have succeeded. The Magistrate Judge also commented that he "doubt[ed] that Goggins would have declined to meet the other potential buyer had the undercover officer failed to arrange to meet Goggins" there. ECF No. 58 at 32.

Goggins argues that the Magistrate Judge's reasoning is contrary to the record and inappropriately resolves disputed facts without an evidentiary hearing. Goggins says the officer induced him to meet for the sale at this location, offering a higher price and a convenient location close to Goggins's home. Goggins states he did not make a prior sale in the lot, as officers stated, but simply greeted a friend through the window. The Court finds no need for an evidentiary hearing but does not adopt the Magistrate Judge's speculation as to whether Goggins would have met another potential buyer in the lot if the officer had not arranged to meet him at this location. Instead, on *de novo* review and even assuming the facts Goggins asserts as true, the Court finds the state court's determination that the officers did not entrap Goggins into "failing to notify his probation officer of his location," *id.*, is not

unreasonable in light of the record, which shows that his probation conditions would allow him to deviate from his home and work schedule *only* if he had obtained his probation officer's permission, and nothing indicates he was enticed to meet without obtaining that permission. The state court's decision that counsel was not ineffective in failing to pursue a defense that lacked merit also was not an unreasonable application of clearly established federal law.

Having fully considered the Report and Recommendation, and the timely filed objections, the Court concludes that the Report and Recommendation should be rejected in part and adopted in part, as modified herein.

Accordingly:

1. As to Claim 1, the Second Report and Recommendation and Petitioner's objections, are rejected as **MOOT** and outside the scope of remand.

2. As to Claims 2 and 3, the Petitioner's Objections are **OVERRULED**, and the Magistrate Judge's Second Report and Recommendation, ECF No. 58, is **ADOPTED**, as modified and incorporated by reference in this Order.

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, is **DENIED**, and a Certificate of Appealability is **DENIED**.

Case No.: 1:18cv104-MCR-MJF

3. The Clerk is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** this 21st day of April 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**